**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

DR. EMORY MUHAMMAD GHANA,    :
                                :   Civil Action No. 09-1824 (FSH)
             Petitioner,    :
                                  :
              v.            :     **O P I N I O N**
                                  :
MICHELLE R. RICCI, et al.,    :
                                  :
             Respondents.    :

**APPEARANCES:**

Dr. Emory Muhammad Ghana, Pro Se
# 52180/ 135365A
New Jersey State Prison
P.O. Box 861
Trenton, NJ 08625

Christopher C. Josephson, Esq.
Office of the NJ Attorney General
25 Market Street
Trenton, NJ 08625-0112
Attorney for Respondents

**HOCHBERG, District Judge**

       Petitioner Dr. Emory Muhammad Ghana, a prisoner currently confined at the New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Administrator Michelle Ricci and the Attorney General of New Jersey, as well as the State of New Jersey and Peter Barnes, Jr.

       For the reasons stated herein, the petition must be denied.

## I. <u>BACKGROUND</u>

Petitioner was sentenced to a life sentence for murder, robbery and armed robbery in 1972.  He was also convicted of several offenses which occurred prior to the murder and robberies, and, while in prison, was convicted of assault and battery of a corrections officer.  Thus, Petitioner is currently serving a life sentence with a consecutive aggregate term of thirty to thirty-eight years and one day.

In November of 2007, Petitioner became eligible for parole for a third time.  A two-member panel of the New Jersey State Parole Board denied Petitioner's parole on January 9, 2008.  The Panel cited numerous reasons for the denial.  The two-member Panel concluded there was a substantial likelihood that Petitioner would commit another crime if released on parole, and referred the case to a three-member Panel to establish a future eligibility term ("FET") outside the presumptive guidelines, pursuant to New Jersey state law, because the presumptive term was inappropriate based on Petitioner's record.

On May 21, 2008, a three-member Panel imposed a 216 month (18 year) FET.  On July 9, 2008, the three-member Panel issued a Notice of Decision detailing the reasoning behind the 216 month FET.  On February 15, 2009, the full Parole Board affirmed both the denial of parole and the FET.  Petitioner filed two separate appeals of the Parole Board's decision to the Superior Court of

2

New Jersey, Appellate Division.  The appeals were consolidated and on August 19, 2009, dismissed for failure to prosecute.

Petitioner filed this habeas petition on April 13, 2009.  A response to the petition was filed on October 15, 2009 by respondents.  Respondents also filed a brief, along with the relevant state record.

In his petition, Petitioner argues that he is being excluded from state parole laws in violation of New Jersey statutes and case law.

## II. <u>STANDARD OF REVIEW</u>

Section 2254(a) of Title 28 of the United States Code gives this Court jurisdiction to entertain a habeas petition brought by a person in custody pursuant to a state court judgment:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  <u>See</u> <u>Coady v. Vaughn</u>, 251 F.3d 480, 485 (3d Cir. 2001) (jurisdiction to entertain state prisoner's habeas petition challenging denial of parole lies under § 2254, rather than § 2241).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), limits a federal court's authority to grant habeas relief when a state court has

3

adjudicated petitioner's federal claim on the merits.  <u>See</u> 28 U.S.C. § 2254(d).  "A state court decision is an 'adjudication on the merits,' reviewed under the deferential standard of § 2254(d), where it is 'a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'"  <u>Simmons v. Beard</u>, 581 F.3d 158, 166 (3d Cir. 2009) (quoting <u>Rompilla v. Horn</u>, 355 F.3d 233, 247 (3d Cir. 2004), *rev'd on other grounds sub nom.* <u>Rompilla v. Beard</u>, 545 U.S. 374 (2005) (internal quotation marks and citation omitted)); <u>see also</u> <u>Rolan v. Vaughn</u>, 445 F.3d 671, 678 (3d Cir. 2006).  A state court may render an adjudication on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  <u>See</u> <u>Rompilla</u>, 355 F.3d at 247.  However, "[i]f the petitioner's legal claims were presented but not addressed by the state courts, 28 U.S.C. § 2254(d) does not apply, and federal courts undertake a *de novo* review of the claim."  <u>Rolan</u>, 445 F.3d at 678.

Where a federal claim was "adjudicated on the merits" in state court proceedings, the § 2254(d) standard governs the power to grant relief:

> (d) An application for a writ of habeas corpus ... shall not be granted with respect to any claim that was adjudicated on the merits in State Court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as

4

> determined by the Supreme Court of the United
> States; or
>
> (2) resulted in a decision that was based on
> an unreasonable determination of the facts in
> light of the evidence presented in the State
> court proceeding.

28 U.S.C. § 2254(d).

A court begins the analysis under § 2254(d)(1) by determining the relevant law clearly established by the Supreme Court.  See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Williams v. Taylor, 529 U.S. 362, 412 (2000); see also Carey v. Musladin, 549 U.S. 70, 74 (2006); Lockyer v. Andrade, 538 U.S. 63, 71, 72 (2003).

A decision is "contrary to" a Supreme Court holding within 28 U.S.C. § 2254(d)(1), if the state court "contradicts the governing law set forth in [the Supreme Court's] cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of th[e Supreme] Court and nevertheless arrives at a [different] result."  Williams, 529 U.S. at 405-06.  See also Thomas v. Carroll, 581 F.3d 118, 124 (3d Cir. 2009) (state court's determination was not contrary to federal law, as required for habeas relief, where Supreme Court never faced the precise issue presented in the case).  Under the "'unreasonable application' clause of § 2254(d)(1), a federal habeas court may

grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.[1]

## III. <u>DISCUSSION</u>

This Court construes Petitioner's claim to assert that the denial of parole violates Petitioner's substantive due process rights.  To the extent that Petitioner's claims are unexhausted and/or procedurally defaulted, this Court will deny them on the merits pursuant to 28 U.S.C. § 2254(b)(2), which provides: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." <u>See</u> <u>Taylor v. Horn</u>, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of Taylor's claims on the merits, we need not address exhaustion"); <u>Bronshtein v. Horn</u>, 404 F.3d 700, 728 (3d Cir. 2005) ("We would permit Bronshtein to attempt on remand to establish a reason to excuse his procedural default, but we find it unnecessary to do so because it is apparent that the claims in question lack merit.  Under 28 U.S.C. § 2254(b)(2), we may reject

---

[1] <u>See also</u> <u>Wright v. Van Patten</u>, 552 U.S. 120, ----, 128 S. Ct. 743, 747 (2008) ("Because our cases give no clear answer to the question presented, let alone one in [petitioner's] favor, it cannot be said that the state court unreasonabl[y] appli[ed] clearly established Federal law") (citation and internal quotation marks omitted).

claims on the merits even though they were not properly exhausted, and we take that approach here").

Here, Petitioner argues that the Parole Board's decision and the FET imposed were improper, in that Petitioner has achieved rehabilitative skills and made exceptional progress while incarcerated.  He argues that he was a fifteen-year-old heroin addict at the time he committed the 1971 murder, who had no priors and had not participated in drug treatment.  He asserts that there is indisputable evidence of collusion in his case, that the 216-month FET amounts to a "death sentence" and is the result of racial bias and based on inaccurate facts.

With regard to Petitioner's habeas claims, "the Due Process Clause contains a substantive component that bars certain arbitrary, wrongful governmental actions regardless of the fairness of the procedures used to implement them."  Foucha v. Louisiana, 504 U.S. 71, 80 (1992).  As the Supreme Court explained,

> Our cases dealing with abusive executive action have repeatedly emphasized that only the most egregious official conduct can be said to be arbitrary in the constitutional sense .... To this end, for half a century now we have spoken of the cognizable level of executive abuse of power as that which shocks the conscience.

County of Sacramento v. Lewis, 523 U.S. 833, 847-48 (1998) (citations and internal quotation marks omitted).

Applying this standard, the United States Court of Appeals for the Third Circuit rejected substantive due process challenges to state parole board decisions in <u>Coady v. Vaughn</u>, 251 F.3d at 487, and <u>Hunterson v. DiSabato</u>, 308 F.3d 236, 246-47 (3d Cir. 2002).  In <u>Coady</u>, the prisoner insisted that the decision of the Pennsylvania Board of Probation and Parole violated substantive due process because the board used constitutionally impermissible criteria to deny parole, applied erroneous descriptions of the conduct underlying his offense, and considered false information. The Third Circuit rejected Coady's claims on the grounds that "federal courts are not authorized by the due process clause to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision."  <u>Coady</u>, 251 F.3d at 487.

In <u>Hunterson v. DiSabato</u>, the Third Circuit reversed an order granting the writ to a New Jersey inmate who claimed that a parole board decision imposing a five-year future eligibility term was arbitrary, capricious, and an unreasonable abuse of discretion.  As the Third Circuit explained,

> this type of constitutional challenge to a state [parole] proceeding is not easily mounted.  We have made clear that the federal courts, on habeas review, are not to second-guess parole boards, and the requirements of substantive due process are met if there is some basis for the challenged decision ....  The relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather,

8

something more egregious, which we have termed at times conscience shocking or deliberately indifferent.

Hunterson, 308 F.3d at 246-47 (citations and internal quotation marks omitted).

In this case, two-member Panel decision denying Petitioner's parole lists the following reasons for the denial: prior criminal record noted; presently incarcerated for multi crime conviction; committed new offenses on community supervision; prior opportunity on community supervision has failed to deter criminal behavior; prior opportunity on community supervision has been violated in the past; prior incarcerations did not deter criminal behavior; institutional infractions were numerous, serious in nature, and resulted in loss of commutation time, detention and administrative segregation; insufficient problem resolution including lack of insight into criminal behavior, minimizes conduct; lack of an adequate parole plan to assist in successful reintegration into the community; commission of a crime while incarcerated and on bail; risk assessment evaluation.  See Declaration of Christopher C. Josephson ("Josephson Declaration") Docket entry 12-1 at p. 27 of docket entry).  Mitigating factors were also noted, such as: participation in programs specific to behavior; participation in institutional programs; average to above average institutional reports; attempt made to enroll and participate in program but was not admitted; commutation time restored.

Petitioner appealed this decision, and the final agency decision by the Parole Board, in affirming the decision, noted that "the full Board has determined that the Adult Panel has considered the aggregate of information pursuant to [New Jersey law] and fully documented and supported its decision for denying parole pursuant to [New Jersey law]. The Board also found that the Panel's decision is based upon a determination that a preponderance of the evidence indicates that there is a substantial likelihood that you would commit a crime if released on parole at this time." (Id. at p. 35 of docket entry).

As to the FET, on May 21, 2008, the three-member Panel imposed the 216 month FET based on the following factors:  prior criminal record noted; presently incarcerated for multi crime conviction; committed new offenses on community supervision; prior opportunity on community supervision has failed to deter criminal behavior; prior opportunity on community supervision has been violated in the past; prior incarcerations did not deter criminal behavior; institutional infractions were numerous, serious in nature, and resulted in loss of commutation time and administrative segregation; insufficient problem resolution including lack of insight into criminal behavior, minimizes conduct; lack of an adequate parole plan to assist in successful reintegration into the community; commission of a crime while incarcerated and on bail; risk assessment evaluation. The three-

member Panel also noted that Petitioner "continues to minimize his behavior and blames his behavior on others.  Stated he learned he can gain/get respect by violence . . . ."  (Id. at p. 37 of docket entry).

The three-member Panel then issued a 24-page substantive "Notice of Decision," which included sections titled: Offenses, Procedural History, Personal Background, Prior Offense Record, Facts and Circumstances of Present Offenses, Discussion of Present Parole Hearings, Particular Reasons for Establishing a Future Parole Eligibility Date Outside of the Administrative Guidelines, and Specific Reasons for the Imposition of the Two Hundred and Sixteen (216) Month Future Parole Eligibility Term. (Id. at pp. 42-65 of docket entry).

Petitioner again appealed the 216-month FET to the Parole Board, and in a final agency response dated February 25, 2009, the Board "determined that the three-member Panel has appropriately established a future parole eligibility term pursuant to [New Jersey law], its Notice of Decision documents the particular reasons for the establishment of said term."  (Id. at p. 70 of docket entry).

Thus, the record demonstrates that there was "some basis" for the Board's decision to both deny parole and issue the 216-month FET.  The decisions, in conjunction with the record, clearly establish that there was "some basis for the challenged

11

decision." <u>Coady</u>, 251 F.3d at 487.  Petitioner has not shown that the Board's decision shocks the conscience or that the Board was deliberately indifferent to the facts.  This Court holds that the Board did not violate Petitioner's substantive due process rights when it denied parole and imposed a 216-month future eligibility term.  Petitioner is therefore not entitled to habeas relief.  <u>See</u> <u>Hunterson</u>, 308 F.3d at 247-48.

Finally, there is no indication that the state agency unreasonably applied established federal law in reaching their decisions, or that the state decisions were based on an unreasonable application of the facts in light of the evidence presented.  Petitioner has not demonstrated that the state decisions, when evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably justified.  Thus, according to by 28 U.S.C. § 2254(d), these grounds for a writ of habeas corpus will be denied.[2]

---

[2]  To the extent Petitioner asserts an equal protection claim that parole determinations are made with racial biases, his claim must also fail because Petitioner has not demonstrated how those persons, allegedly "similarly situated" to him, are receiving more favorable treatment by the parole board, or that he is part of a disfavored group which is being discriminated against.  <u>See</u> <u>Johnson v. Paparozzi</u>, 219 F. Supp.2d 635, 642-43 (D.N.J. 2002).

## IV. <u>CERTIFICATE OF APPEALABILITY</u>

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

## V. <u>CONCLUSION</u>

Based on the foregoing, the Court denies the Petition for a Writ of Habeas Corpus, and denies a certificate of appealability.


        s/ Faith S. Hochberg    
FAITH S. HOCHBERG
United States District Judge

Dated:    April 30, 2010

13